IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK SUESZ, <br> on behalf of plaintiff and a class, <br> <br> Plaintiff, <br> <br> vs. <br> <br> MED-1 SOLUTIONS, LLC, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:12-cv-1517 <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Mark Suesz brings this action to secure redress from unlawful collection practices engaged in by defendant Med-1 Solutions, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. §1367 (supplemental jurisdiction).

4. Venue and personal jurisdiction in this District are proper because defendant's collection activities impacted plaintiff within this District.

### PARTIES

5. Plaintiff Mark Suesz is an individual who resides in Hancock County, Indiana.

6. Defendant Med-1 Solutions, LLC is a limited liability company organized

under Indiana law with offices at 517 US Highway 31 N., Greenwood, IN 46142.  Its registered agent is William J. Huff at that address.

7. Defendant Med-1 Solutions, LLC is engaged in the business of collecting allegedly defaulted consumer debts originally owed to others and incurred for personal, family or household purposes.  Most or all of the debts it collects are healthcare debts.  Its parent claims to be "a leading provider of revenue cycle and collection management services for the healthcare market."   (http://revonecompanies.com/about/profile.html)

8. Defendant Med-1 Solutions, LLC regularly uses the mails and  telephones in the process of collecting debts.

9. Defendant Med-1 Solutions, LLC is a "debt collector" as  defined in the FDCPA.

## FACTS

10. This action concerns attempts to collect from plaintiff a health care debt incurred for personal, family or household purposes and not for business purposes.  The original creditor is Community Hospital North in Lawrence Township.

11. In about March 2012, Med-1 Solutions, LLC  filed suit  against plaintiff in Pike Township small claims court to collect the alleged debt.

12. Plaintiff did not reside in Pike Township.

13. The lawsuit was not based on a contract signed in Pike Township.

14. On or about April 26, 2012, a judgment was entered in favor of Med-1 Solutions, LLC and against plaintiff for $1,280.

15. It is the policy and practice of Med-1 Solutions, LLC  to file  collection lawsuits in township small claims courts located other than a township in which the defendant lives or signed a contract in person.

16. The instructions regarding the place of filing on the small claims court summons are not complied with by such filings.

17. Under Burns Ind. Code Ann. §§33-34-1-2, each township small claims court is a separate court.

18. Notwithstanding this, it is common practice for debt collectors to file lawsuits in the wrong township court, as set forth in Exhibit A, paragraphs 54-61.

## COUNT I – FDCPA – CLASS CLAIM

19. Plaintiff incorporates paragraphs 1-18.

20. Defendant's practice of filing small claims cases in a township in which the debtor neither resides nor signed a contract on which the action is based violates 15 U.S.C. §1692i.  *Hess v. Cohen & Slamowitz LLP*,  637 F.3d 117 (2d Cir. 2011).

21. Section 1692i provides:

> **§ 1692i.      Legal actions by debt collectors [Section 811 of P.L.]**
>
> **(a) Any debt collector who brings any legal action on a debt against any consumer shall--**
>
> **(1)     in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or**
>
> **(2)     in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--**
>
> **(A)     in which such consumer signed the contract sued upon; or**
>
> **(B)     in which such consumer resides at the commencement of the action.**
>
> **(b) Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.**

## CLASS ALLEGATIONS

22. Plaintiff  brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

23. The class consists of (a) all natural persons (b) sued by defendant (c) in a township small claims court (d) for a township other than one in which the person resided or

3

signed a contract on which the debt is based (e) where either the original action or a proceeding supplemental was filed on or after a date one year prior to the filing of this action, and less than 20 days after the filing of this action.

24. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

25. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's filing practices violate the FDCPA.

26. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

27. A class action is the superior means of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

(1) Statutory damages ($1,000 for plaintiff and the lesser of $500,000 or 1% of net worth for the class) against defendant;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

s/Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\27348\Pleading\Complaint_Pleading.wpd