**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **MARK SUESZ, individually and** | ) | |
| **on behalf of a class, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Cause No. 1:12-cv-1517-WTL-MJD** |
| **vs.** | ) | |
| | ) | |
| **MED-1 SOLUTIONS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ENTRY ON MOTION TO DISMISS

This cause comes before the Court on the Defendant's motion to dismiss. Dkt. No. 18. The motion is fully briefed, and the Court, being duly advised, rules as follows.

### I.    STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## II.   BACKGROUND

In the instant action, Plaintiff Mark Suesz brings this putative class action,[1] alleging that

Defendant Med-1 Solutions, LLC, ("Med-1") violated the Federal Debt Collection Practices Act

("FDCPA") when it attempted to collect a health care debt from him by filing suit in Pike

Township small claims court. Suesz alleges that filing collection lawsuits in township small

claims courts located other than in the township where the debtor lives or signed a contract is a

violation of the Act. Suesz does not live in Pike Township, nor did he sign the contract giving

rise to the debt in Pike Township. Med-1 moves to dismiss on the ground that, as a matter of law,

filing in such a township is not a violation of the Act. It contends that it is sufficient to file in the

county where the debtor resides or where the contract was signed.

## III.   DISCUSSION

Under the FDCPA, a debt collector must bring an action to collect a debt "only in the

judicial district or similar legal entity in which such consumer signed the contract sued upon; or

in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i. The

issue here is the meaning of the term "judicial district." Med-1 contends that the applicable

"judicial district" is Marion County as a whole, while Suesz contends that the applicable

"judicial district" is narrower – it is each township small claims court.

### A.   *Newsom*

The Seventh Circuit addressed the same question with respect to the Illinois courts in

*Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996). In *Newsom*, a debt collector had filed suit

against the debtor in the first municipal district of the Circuit Court of Cook County, but the

---

[1] While Suesz filed this case as a putative class action and has moved for class
certification, by agreement of the parties the issue of class certification has been deferred. Dkt.
Nos. 20, 23. Accordingly, this ruling applies only to Suesz individually.

debtor resided in the third municipal district of the same county. The debtor filed suit, alleging a violation of the FDCPA. On motion by the debt collector, the district court found that the FDCPA required the debt collector to file in the appropriate Circuit Court, but did not further require him to file in any particular subdistrict within the Circuit Court. The debtor's claim was therefore dismissed; the debtor appealed.

The Seventh Circuit affirmed. The Court found the term "judicial district" unambiguous and defined it by reference to the definition in Black's Law Dictionary in effect at the time the FDCPA was enacted:

> One of the circuits or precincts into which a state is commonly divided for judicial purposes; a court of general jurisdiction being usually provided in each of such district, and the boundaries of the district marking the territorial limits of its authority; or the district may include two or more counties, having separate and independent county courts, but in that case they are presided over by the same judge.

76 F.3d at 817 (citing Black's Law Dictionary 848 (6th ed. 1990)). It then went on to assess the Illinois judicial structure before determining whether the term "judicial district" encompassed Circuit Courts, municipal districts, or both.

In the first part of its analysis, the Court focused on the structure of the Illinois Circuit Courts before finding that a Circuit was a judicial district. The Court noted that each judicial Circuit has one Circuit Court presided over by one chief judge. It explained that the Circuit Courts possess original jurisdiction and, even when divided into various divisions, the divisions are not jurisdictional; rather, the divisions are for administrative purposes only.

In the second part of its analysis, the Court turned to whether a municipal department district may also constitute a judicial district. Of importance to the Court was the fact that, although local rule appeared to restrict venue to the defendant's place of residence or the place of transaction, another local rule provided for the trial of a proceeding in any Circuit Court of the

3

county, regardless of department, district, or division. Likewise, actions were not subject to dismissal for being filed, tried, or adjudicated in the wrong department, division, or district. In the Court's eyes, such a scheme was evidence of the "administrative" purpose of the divisions. The Court therefore concluded,

> [r]ather than dividing itself into legally distinct judicial districts, the rules governing the administration of the First Judicial Circuit indicate that the Circuit has promulgated administrative rules to facilitate its own administration. The Circuit continues to have one Chief Judge, the Circuit as a whole is the court of original jurisdiction for all of Cook County, and the boundaries between the Municipal Department administrative subdistricts do not set any territorial limits to the subdistrict's authority within the Circuit. Therefore the Municipal Department districts are neither defined as judicial districts, nor under the rules governing their operation do they function as judicial districts. Based upon the structure and function of municipal department districts, we therefore conclude that they do not fit within the definition of "judicial district" as employed by the FDCPA.

*Id.* at 819. Because the Court held that a municipal district is not a judicial district under the FDCPA, the debt collector was not required by FDCPA to file in a particular municipal district. Therefore, his failure to file in the municipal district in which the debtor resided was not a violation of the Act.

With this analysis in mind, the Court now turns to the analysis of Indiana courts.

### B.        Indiana Judicial Structure

Article 7 of the Indiana Constitution vests the judicial power of the state in one Supreme Court, one Court of Appeals, Circuit Courts, and such other courts as the General Assembly may establish. Under Section 7 of that Article, the state is divided into judicial circuits, and a judge for each circuit is elected by the circuit's voters. Section 8 provides that the Circuit Courts have civil and criminal jurisdiction as prescribed by law; accordingly, by statute, Circuit Courts have original and concurrent jurisdiction in all civil and criminal cases, and de novo appellate jurisdiction of appeals from city and town courts. Ind. Code § 33-28-1-2(a)(1)-(2).

The Indiana General Assembly has established additional courts, "Superior Courts," by statute. *E.g.*, Ind. Code 33-33-49-6(a). The specific jurisdictional limits of a Superior Court are unique to each county. Ind. Code § 33-29-1-1 (applying to "standard superior courts"); § 33-33-49-1 (providing that provisions regarding "standard superior courts" do not apply to Marion County Superior Court); § 33-29-1.5-1 (applying to "nonstandard superior courts"). However, generally speaking, Superior Courts have original and concurrent jurisdiction in all civil and criminal cases and appellate jurisdiction of appeals from city and town courts. Ind. Code §§ 33-29-1-2; 33-29-1.5-2.

The county at issue here, Marion County, constitutes the 19th Judicial Circuit. Ind. Code § 33-33-49-2. By local rule, the Marion County Circuit Court hears only civil matters, while the Marion County Superior Court hears civil and criminal matters. The Marion County Circuit Judge may transfer a case filed in the Circuit Court to the Superior Court with the presiding Superior Court Judge's consent. Ind. Code § 33-33-49-24. Likewise, the presiding Superior Court Judge may, with the Circuit Court Judge's consent, transfer a case filed in the Superior Court to the Circuit Court. Ind. Code § 33-33-49-25. In Marion County, the Circuit Court also conducts de novo appellate review of appeals from township small claims courts. Ind. Code § 33-28-1-2(a)(3).

Township small claims courts in Marion County are created by statute, Ind. Code § 33-34-1-2, and such courts have original and concurrent jurisdiction with the Circuit and Superior Courts in all civil cases sounding in contract in which the debt claimed does not exceed $6,000, not including interest or attorney's fees. Ind. Code §§ 33-34-3-2. However, the small claims courts are not courts of record, Ind. Code § 33-34-1-3, nor may claims be tried to a jury, Ind.

Code § 33-34-2-10. If trial by jury is desired, the cause is tried in the Marion County Superior Court. Ind. Code § 33-34-3-11.

With one exception inapplicable here, a case within the jurisdiction of a small claims court may be venued, commenced, and decided "in any township small claims court in the county." Ind. Code § 33-34-3-1(a). However, venue may be changed if, on motion by the defendant, the township small claims court determines that "required venue" lies with another small claims court in the county where the action was filed. Ind. Code § 33-34-3-1(a). "Required venue" exists where any debtor has consented to venue in a signed writing, where a transaction or occurrence giving rise to the any part of the claim took place, or where the greater percentage of individual debtors resides. Ind. Code § 33-34-3-1(b).

At the same time, the Marion County Circuit Court judge may transfer cases from one township small claims court to another as necessary. Ind. Code § 33-34-5-1. The small claims judges may sit in place of one another and perform each other's duties at the direction or approval of the Circuit Court Judge. Ind. Code § 33-34-5-3. The Marion County Circuit Court Judge extends aid and assistance to the small claims judges in the conduct of the township small claims courts, Ind. Code § 33-34-1-5, and the Marion Circuit Court Judge, assisted by the judges of the small claims courts, has the authority to make uniform rules for conducting the business of the small claims courts, Ind. Code § 33-34-3-6.

## C.    Analysis

As in *Newsom*, a "judicial district" easily encompasses the Circuit Courts created under the Indiana Constitution, as supplemented by statute, as each judicial circuit is a court of general jurisdiction presided over by a Circuit Judge.[2]

However, also as in *Newsom*, the small claims township courts do not constitute judicial districts. The venue requirements for filing in small claims court make clear that any township court may hear a claim within the limits of its subject-matter jurisdiction. Although the change of venue provision provides a mechanism by which a defendant – in this case, a debtor – may move the case to a more convenient township, the fact that the Circuit Court Judge may transfer a small claims case from one township to another suggests, as in *Newsom*, that the venue rules are rules of administrative convenience.[3] The Circuit continues to have one judge, the Circuit as a whole is the court of original jurisdiction for all of Marion County, and the boundaries between the township courts do not set any territorial limits to the township court's authority within the Circuit.[4]

---

[2] Insofar as a Superior Court enjoys jurisdiction coterminous with the Circuit Court (albeit the latter's jurisdiction limited by local rule in Marion County), the Superior Court of each County is part of the same countywide judicial district as the Circuit Court.

[3] Of course, under the rules, Suesz could have moved to transfer the case from Pike Township to another township small claims court. However, the Court is mindful that this simple mechanism alone would not insulate Med-1 from liability under the Act, for "it is not without cost for a consumer to obtain [a transfer of venue] on the basis that [the action] was brought in the incorrect court." *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 124 (2nd Cir. 2011).

[4] Suesz relies heavily on *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117 (2nd Cir. 2011), for the proposition that the township courts are separate judicial districts. However, the city court divisions at issue in *Hess* were expressly limited in jurisdiction to actions where either the plaintiff or the defendant resided in the city or a town contiguous to that city. 637 F.3d at 122. The Marion County small claims township courts are not so limited in their jurisdiction. Ind. Code § 33-34-3-1(a).

The structure and function of the township small claims courts in Marion County do not fall with the definition of a judicial district. It follows that Med-1 was not required under the FDCPA to file in the township where Suesz lived or signed the contract. It was therefore not a violation of FDCPA for Med-1 to file in another township small claims court within Marion County, and Med-1 is entitled to dismissal of the claim against it.[5]

One additional point bears mention. It is tempting to get carried away in analogies to other aspects of the state judicial system. For example, Suesz draws the Court's attention to Indiana Trial Rule 75, which provides that venue is proper in any county in the state, subject to a defendant's request to have the case transferred to a "preferred" venue. According to Suesz, "the county [thus] bears the same relationship to the state as the township bears to Marion County." Suesz contends that such logic yields the clearly incorrect result that "insofar as the Superior and Circuit Courts are concerned, the 'judicial district or similar legal entity' is the entire state and [therefore] 1692i has no application in Indiana." The Court agrees with Suesz that surely this is not what Congress intended. However, one must not lose sight of the statutory text: a "judicial district" is "[o]ne of the circuits or precincts into which *a state* is commonly divided for judicial purposes." As a "judicial district" is a subdivision of a state, § 1692i itself forecloses this result.

---

[5] Suesz does not argue that the township small claims courts constitute "other similar legal entities." Even if he had, his claim would still fail. The FDCPA employs the disjunctive in limiting venue for debt collection actions. *Newsom*, 76 F.3d 813. Because the Marion County Circuit and Superior Courts constitute a "judicial district," Med-1 has complied with the Act.

## IV.   CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss is **GRANTED**.[6]

SO ORDERED:   03/21/2013

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

---

[6] Med-1 takes issue with Suesz's use of the Small Claims Task Force Report in his Complaint, to which objection Suesz responds. The concerns raised in the Report notwithstanding, whether Suesz's use of the Report is proper need not be decided in order to resolve the question of statutory interpretation before the Court. The Court expresses no opinion on the propriety of the small claims township court system as a whole; the only allegation in this case is that a creditor runs afoul of the FDCPA in filing in a township court wherein the debtor does not reside or has not signed a contract.

9