UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK SUESZ,<br>on behalf of plaintiff and a class,<br><br>        Plaintiff<br><br>v.<br><br>MED-1 SOLUTIONS, LLC<br><br>        Defendant | Case No. 1:12-cv-1517-WTL-MJD |

## NOTICE OF CONSTITUTIONAL QUESTION

Comes now the Defendant, Med-1 Solutions, LLC, by counsel, and pursuant to Federal Rule of Civil Procedure 5.1 and Local Rule 5.1-1, hereby files its Notice of Constitutional Question. The Defendant intends to question the constitutional validity of 15 U.S.C. §1692i as an affirmative defense raised in the above-captioned action in the U.S. District Court for the Southern District of Indiana, Indianapolis Division. The material facts giving rise to the constitutional question are as follows:

1. In March of 2012, Med-1 Solutions, LLC ("Med-1") filed suit against Plaintiff Mark Suesz in the Pike Township small claims court for a delinquent health care debt incurred with Community Hospital North. (Compl. ¶ 10-11)

2. Subsequent to that filing, the court entered judgment in favor of Med-1 and against Suesz in the amount $1,280. (Compl. ¶ 14)

3. At the time of the small claims suit, Suesz resided in Hancock County, Indiana. (Compl. ¶ 5)

4. Community North Hospital is located in Lawrence Township. (Compl., ¶ 10)

5. The contract establishing the debt was not signed in Pike Township. (Compl., ¶ 13)

6. Both Lawrence and Pike Townships are located in Marion County. (Compl., Ex. A).

7. Plaintiff Mark Suez brings this putative class action alleging that Med-1 violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, when it filed a small claims collection lawsuit against him in allegedly the incorrect township under federal law, despite the fact that Med-1 Solutions was in compliance with state law. (*See* Compl.)

8. Section 1692i of the FDCPA requires that collection lawsuits such as the action filed against Suesz be brought in the "judicial district or similar legal entity" where the debtor resides or where the debtor signed the contract establishing the debt. (15 U.S.C. § 1692i)

The legal basis for the constitutional question is as follows:

1. The Tenth Amendment of the United States Constitution provides, "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X

2. "Operating a judicial system is a core function of state government, and [] the States have the sovereign authority to structure their court systems and establish their own jurisdictional and procedural rules…." Suesz v. Med-1 Solutions, LLC, 757 F.3d 636, 652-53 (7th Cir. 2014) (Sykes, J., concurring) cert. denied, No. 14-370, 2014 WL 4926399 (U.S. Dec. 8, 2014)

3. The term "judicial district" in 15 U.S.C. § 1692i has been defined as "the smallest geographic area relevant to venue in the court system in which the case is filed." Suesz v.

<u>Med-1 Solutions, LLC</u>, 757 F.3d 636, 643 (7th Cir. 2014) <u>cert. denied,</u> No. 14-370, 2014 WL 4926399 (U.S. Dec. 8, 2014)

4. This interpretation of "judicial district" does not defer to each state's definition of "judicial district" and thereby interferes with the States' freedom to craft jurisdictional and procedural rules for their own court systems.

5. 15 U.S.C. § 1692i thus violates the Tenth Amendment and exceeds the scope of regulatory authority delegated to Congress via Article I § 8 of the U.S. Constitution.

WHEREFORE, the Defendant Med-1 Solutions, LLC respectfully petitions the Court to certify its constitutional question to the Attorney General of the United States and the United States Attorney for the Southern District of Indiana, pursuant to 28 U.S.C. §2403, Federal Rule of Civil Procedure 5.1, and Local Rule 5.1-1, and for all other relief just and proper in the premises.

        Respectfully submitted,

        KIGHTLINGER & GRAY, LLP

        By    s/ *Nicholas W. Levi*
            Nicholas W. Levi
            Attorney I.D. No. 24278-53
            Attorneys for Defendant

# CERTIFICATE OF SERVICE

      I hereby certify that on December 18, 2014, the foregoing pleading was electronically filed. Service of this filing will be made on the following ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this document via the Court's electronic filing system.

      Michelle R. Teggelaar
      **ELEMAN COMBS LATTURNER**
        **& GOODWIN, LLC**
      20 South Clark Street, Suite 1500
      Chicago, IL 60603-1824
      mteggelaar@edcombs.com

      I further certify that on December 18, 2014, a copy of the foregoing pleading was mailed by Certified Mail, Return Receipt Requested, to the following:

      Josh Minkler
      U.S. Attorney for the Southern District of Indiana
      United States Attorney's Office
      10 W Market St, Suite 2100
      Indianapolis, IN 46204

      Eric H. Holder
      U.S. Attorney General
      U.S. Department of Justice
      950 Pennsylvania Avenue, NW
      Washington, DC 20530-0001

      s/ *Nicholas W. Levi*
      Nicholas W. Levi

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
Telephone: 317-638-4521