UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK SUESZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:12-cv-01517-WTL-MJD |
| ) | |
| MED-1 SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

This matter comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint. [Dkt. 68.] For the reasons set forth herein, Plaintiff's motion to amend is **DENIED**.

**I. Background**

This case concerns allegations that the debt collection practices of Med-1 Solutions, Inc. ("Defendant") violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"). On October 18, 2012, Mark Suesz ("Plaintiff") filed his original Complaint. [Dkt. 1.] The Complaint named "Mark Suesz, on behalf of plaintiff and a class" as the Plaintiff. [Dkt. 1 at 1.] On April 2, 2015, the Court set a deadline of April 13, 2015 to file a motion for leave to amend the Complaint. [Dkt. 69 at 1.] Plaintiff thereafter timely moved for leave to file his First Amended Complaint ("FAC"). [Dkt. 68.]

The proposed FAC makes two changes to the original complaint. First, the FAC seeks to change the putative class's definition. [Dkt. 68-1 ¶ 31.] On June 15, 2015, however, Plaintiff filed an Unopposed Motion to Withdraw Amended Motion for Class Certification without

1

Prejudice, [Dkt. 80], which motion the Court granted on June 17, 2015. [Dkt. 81.] This case thus no longer involves any class allegations, and the Motion for Leave to File First Amended Complaint is accordingly **DENIED AS MOOT** insofar as the motion seeks to modify the putative class definition.

The proposed FAC then seeks to add Tressa Bowman as an additional plaintiff. [Dkt. 68 ¶ 2.] Bowman's allegations against Defendant center on Defendant's purported collection techniques for an alleged healthcare debt between 2011 and 2013. [Dkt. 68-1 ¶¶ 16-22.] Defendant originally filed suit against Bowman on October 11, 2011 in Pike Township small claims court. [Dkt. 67-2 at 2.] Bowman was not a resident of Pike Township, and the contract for the alleged debt was not signed in Pike Township. [Dkt. 68-1 ¶¶ 18-19.] After said Township court entered judgment in favor of Defendant on November 10, 2011, Defendant initiated a proceeding supplemental against Bowman in Pike Township on or about September 30, 2013. [Dkt. 67-2 at 4.]

## II. Discussion

In its Motion to Amend, Plaintiff contends that leave to amend to add Bowman as a plaintiff is justified because Bowman has "identical claims" to Plaintiff. [Dkt. 68 ¶ 5.] Although Plaintiff acknowledges the possibility that the statute of limitations has run on Defendant's purported first violation of the FDCPA regarding Bowman on October 11, 2011, Plaintiff asserts that the proceedings supplemental filed against Bowman on September 30, 2013 constituted a "separate violation[n] of the FDCPA" and therefore began a new statute of limitations. [Dkt. 68 ¶ 6.] Plaintiff contends that the statute of limitations on Bowman's proceedings supplemental was tolled during this putative class action suit, or, alternatively, that the filing of the amendment at

bar will relate back to the original filing date of this suit on October 18, 2012. [Dkt. 68 ¶ 6, Dkt. 72 at 1.]

Defendant opposes leave to amend on the grounds that the proposed amendment would be futile. It claims that the statute of limitations has run with respect to any FDCPA violation that may have occurred both when Defendant filed the original suit against Bowman (on October 11, 2011), and when Defendant initiated the proceedings supplemental (on September 27, 2013). [Dkt. 70 ¶¶ 4, 12.] Defendant disputes the application of the tolling principle, as Defendant claims that Bowman falls "outside of the [original] class definition," and therefore "the statute has not been tolled as to her." [Dkt. 70 ¶ 8-9.] Alternatively, Defendant contests the claim that "the filing of a proceedings supplemental under Indiana law is an independent violation" of the FDCPA. [Dkt. 70 at 3 n.1.]

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend a pleading "only with the opposing party's written consent or the court's leave" and instructs trial courts to "freely give leave when justice so requires." This liberal policy furthers the goal of deciding cases on their merits, *see, e.g.*, *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir.2004), but there are nonetheless limits on this policy. In particular, leave to amend pleadings will be denied "where there is undue delay, bad faith, [or] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir.1991) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)). Ultimately, the decision whether to grant leave is "purely within the sound discretion of the district court." *Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002).

In Indiana, a proceedings supplemental is a post-judgment action to determine the assets of the debtor and assess his or her ability to pay. Indiana Trial Rule 69(E). Plaintiff contends that the proceedings supplemental against Bowman constituted a separate violation of the FDCPA and restarted the statute of limitations. [Dkt. 68 ¶ 6.] In making this claim, Plaintiff cites *Blakemore v. Pekay,* 895 F. Supp. 972 (N.D. Ill. 1995) (garnishment writ is a separate legal action subject to FDCPA), *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1515 (9th Cir.1994) ("legal action" as used in the FDCPA includes "all judicial proceedings, including those in enforcement of a previously-adjudicated right"), and *Collins v Erin Capital Mgmt., LLC,* 290 F.R.D. 689, 698 (S.D. Fla. 2013) ("the filing of the garnishment proceeding established an independent violation of the FDCPA for the purpose of calculating the limitations period"). [Dkt. 68 ¶ 6, Dkt. 72 at 5-6.] None of these cases is persuasive.

*Blakemore* stands as "a single outlier in a wave of district court opinions that hold only the filing of the collection case initiates the running of the statute of limitations." *Hill v. Freedman Anselmo Lindberg, LLC.* 2015 WL 2000828, at *3 (N.D. Ill. May 1, 2015); *see also id.* at *2 (collecting cases); *accord, e.g.*, *Jones v. Blitt & Gaines P.C.*, 2015 U.S. Dist. LEXIS 61767, at *2 (N.D. Ill. May 12, 2015) ("Although the Seventh Circuit has not decided when a violation occurs for a claim under §1692i, numerous courts in this district faced with this same scenario have recently determined that the filing of a debt collection lawsuit or service on the consumer starts the clock.").

The Ninth Circuit's *Fox* decision, relied upon by both the Plaintiff here and the court in *Blakemore*, is likewise unpersuasive. Any attempt to rely upon *Fox* "is totally torpedoed" by the Ninth Circuit's "on-all-fours opinion three years later in *Naas*." *Mako v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 2015 U.S. Dist. LEXIS 6829, at *2 (N.D. Ill. January 20, 2015) (citing

*Naas v. Stolman*, 130 F.3d 892 (9th Cir.1997)). In *Naas*, the Ninth Circuit stated that the court had "never determined at which point the statute of limitations begins to run" under the FDCPA, wholly undermining the purported strength of the court's earlier ruling in *Fox*. 130 F.3d at 893. Further, in an overt rejection of *Blakemore*, the Ninth Circuit concluded that "the statute of limitations began to run on the filing of the complaint in the Municipal Court." *Id.*

Finally, although none of the three cases cited by Plaintiff are binding authority, *Collins* persuades the Court the least. The *Collins* court relies heavily on both *Fox* and *Blakemore* and does not square its holding with the previously-decided *Naas* ruling. 290 F.R.D. at 697-98.

In light of this analysis, the Court holds that the statute of limitations for Bowman's alleged injury began to run from the filing of the original complaint against her in the Township court on October 11, 2011. *See Hill*, 2015 WL 2000828, at *2 (collecting cases). The proceedings supplemental did not affect the statute of limitations and did not constitute a separate legal action for the purposes of the FDCPA. *See Naas,* 130 F.3d at 893. As a result, the statute of limitations for Bowman's claim expired on October 11, 2012, *see* 15 U.S.C. § 1692k(d), and the claim was thus already time-barred when Plaintiff filed his original complaint on October 18, 2012. Any attempt to add Bowman as a Plaintiff would therefore be futile, and the Court need not allow Plaintiff to amend his complaint to do so. *See Villa*, 924 F.2d at 632.

Plaintiff's arguments about tolling and relation back do not change this result. Even if, as Plaintiff asserts, the filing of the putative class action complaint tolled the statute of limitations with respect to all asserted members of the class, this principle has no bearing on Bowman's claim: the original complaint defined the putative class to cover claims that were filed on or after October 18, 2011. [*See* Dkt. 1 ¶ 23.] Because the claim against Bowman was filed on October 11, 2011, Bowman was not a member of the asserted class, and the statute with respect to

5

Bowman was not tolled. Likewise, even if the Court accepts that Plaintiff's proposed expanded putative class definition related back to the filing of the original complaint, this contention does not save Bowman's claim. The original complaint, as noted above, was filed one week after the statute had already expired on Bowman's claim, and so even if the expanded class definition had related back to the date of the original complaint, Bowman's claim would remain time-barred. Any attempt to add Bowman is accordingly futile, and the Court thus **DENIES** Plaintiff's motion insofar as it asks to do so.

### III. Conclusion

In light of these considerations, Plaintiff's Motion for Leave to File First Amended Complaint, [Dkt. 68], is **DENIED**.

Denied: 07/06/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Copies will be sent to all counsel
of record by electronic mail via
the Court's ECF system